H. B. 70—Morgan of Cuyahoga. Repeals 197 obsolete and unconstitutional sections of the general code, including stage coach and turnpike road laws, and statutes preventing the driving of jackasses more than six miles an hour past Spring Grove cemetery, Hamilton county.

H. B. 147—Streicher of Lucas. Requires officers of corporations or members of partnerships for which receivers have been appointed to answer under oath questions as to conduct of business, if receiver or creditor desires to ask such questions.

H. B. 180—Fitton of Butler. Makes judgments against property effective from day they are rendered, instead of from first day of term of court, as at present.

H. B. 200—Anderson of Stark. Cuts off civil jurisdiction of justices of the peace in the city of Canton.

H. B. 283—Yale of Auglaize. Substitutes the word "published" for the word "printed" in the law requiring publication of municipal ordinances, resolutions in papers having circulation within certain counties.

H. B. 291—Davis of Cuyahoga. Creates police court in city of East Cleveland; first election to be held November, 1927; judge to draw $1,500 a year, and be allowed to practice law on the side in other courts.

H. B. 309—Hill of Marion. Reduces amounts in non-appealable civil suits in Marion municipal court from $500 to $100.

H. B. 321—Probeck of Lucas. Permits courts ordering sheriff's sale to designate which newspaper shall carry the legal advertising.

H. B. 334—Goodwin of Butler. Requires personal injury suits to be brought within two years after the alleged injury.

H. B. 350—Mrs. Clapp of Cuyahoga. Requires school superintendents to prepare a special program of observance of Constitution Day, Sept. 17, in public schools.

H. B. 379—Ward of Franklin. Raises filing fees in supreme court from $5 to $20.

H. B. 441—Cross of Montgomery. Raises salaries of Dayton municipal judges and clerks; provides for court stenographers.

S. B. 22—Aigler of Huron. Raises corporation franchise tax rate now one-twelfth of 1 per cent, to one-eighth of 1 per cent, in 1927 and 1928, and one-tenth of 1 per cent thereafter; permits 40 per cent, allocation of assets; establishes book value as basis of computation, though fair value may be substituted when it is below book value.

S. B. 72—Marshall of Greene. Permits justices of the peace to earn up to $250 a month in fees paid by judgment debtor; constables and marshals to get $175 maximum.

S. B. 284—Aigler of Huron. Increases filing fees for domestic corporations; corrects defect in S. B. 11. Emergency.

H. B. 90—Ingalls of Cuyahoga. Permits common pleas court to appoint one to three expert and impartial witnesses in criminal trials, where insanity is pleaded as a defense.

H. B. 61—Mrs. Ott of Mahoning. Raises salaries of common pleas and appellate judges on sliding scale, with Cuyahoga county judges getting $12,000 a year (maximum now $8,000).

H. B. 427—Streicher of Lucas. Creates one additional common pleas judge for Lucas county.

---

# SUPREME COURT
## Cases Decided by Supreme Court

### No. 419

### DAYTON RUBBER MFG. CO. v. BROWN
#### No. 20043. Supreme Court

456. EMPLOYER & EMPLOYEE—To justify the discharge of an employee before the expiration of the term of employment, it is sufficient for the employer to show that the employee was guilty of a default in duty the natural tendency of which was to injure his business, and actual injury thereto need not be shown.

PER CURIAM.

In the Montgomery Common Pleas, Robert F. Brown brought suit against The Dayton Rubber Mfg. Co. to recover his salary as treasurer of that company for the period between Aug. 16, 1923, and Dec. 31, 1923. The cause of action stated that he had been discharged from his employment and that he had been unable to earn an amount equal to such salary as treasurer; and suit was brought for the difference. In the court of Common Pleas, a jury was waived and the case tried to the court and a judgment was rendered in the sum of $7,750. The Court of Appeals affirmed the judgment and the cause has been admitted to the Supreme Court on allowance of motion to certify the record.

The sole question in the trial court was whether or not the company was justified in discharging him. The answer alleged failure to discharge the duties of his office; refusal to co-operate with other officers to the best interest of the business; making derogatory statements concerning the company's financial condition to the banks from which the corporation had borrowed money, and to credit agencies; refusal to obey the orders of superior officers and orders of the board of directors.

1. "To justify the discharge of an employe before the expiration of term of employment, it is sufficient for the employer to show that the employe was guilty of a default in duty whose natural tendency was to injure his business, and actual injury thereto need not be shown." Beckman v. Garret, 66 OS. 136.

2. We think this is a case in point, and this case with many others cited by counsel for the corporation clearly establishes the principle that neglect of duty, insubordination and disloyalty are sufficient grounds for terminating an employment.

3. Mr. Brown through his own testimony shows that he did many things to injure the Company and by his acts threatened to injure its financial standing and thus effect creditors.

4. We are of the opinion that the company could not do otherwise than discharge him under the circumstances, and, having the right to discharge him, cannot be compelled to respond in damages for non-payment of his salary during the remainder of his term of employment.

5. Upon the authority of Beckman v. Garrett, supra, the judgment of the Court of Appeals and of the Court of Common Pleas is reversed and the cause will therefore be remanded to the Court of Common Pleas with instructions to dismiss the petition at Brown's cost.

Judgment reversed.

(Marshall, CJ., Day, Allen, Kinkade & Jones JJ., concur.)

Attorneys—Buckhart, Heald & Pickrel for Dayton Rubber Co.; Nolan & Beigel, and Carrol Sprigg for Brown; all of Dayton.